Mr. Justice Jambs
delivered the opinion of the court.
The complainant, Burns, as a stockholder of the Metropolitan Building Association, obtained loans from it on 25 shares of stock held by him. The loans made by the association are carefully described in its charter as an advance of the proceeds of the stockholder’s stock in anticipation of what he would have had at the final distribution if he had not borrowed from the association.
It appears that the terms of such an arrangement are that the stockholder shall go on paying the dues upon his stock just as a non-borrowing stockholder, and in addition thereto one dollar a month on each share, and that he shall make these payments until either of two events, in the alternative, may come to pass, viz., until the expiration of the terra of the association by reason of its being able to divide fifty per cent, or a certain amount on its stock, or, in case he shall discontinue or default, then he shall be charged with the amount advanced him, which amount is to be treated as a debt, upon which he shall be credited with one-half of the money that he has paid in, and the profits which may have accrued upon the use of that money.
Our conclusion, which is not final, relates to the first proposition. If the time has arrived, it is one of the rights of the advancee to have the association close up. It might happen, for example, that after the expiration of five years the assets of the company, whether they choose to sell them or not, amount to just fifty per cent, of the stock. In that *10 case we ai’e clearly of the opinion that a man is not to be compelled to go- on making payments into the treasury, especially as he has no interest in these assets. They are not tobe distributed to him, because under this management he takes his advances once for all. The final distribution is among the non-borrowers. The complainant alleges in his bill that the time for closing up the association had arrived when he made his last payment. The reply is, “'We have not closed up because we cannot sell our real estate to a proper advantage.” But we are of opinion that it is not for the association to hold real estate with a view to some advantageous advance, and continue to keep the stockholder paying his dues. If its real estate and all its assets aggregate in value the fifty per cent, of profit contemplated by the constitution when the association should close up, then the time has ai’rived when the stockholders should no longer be compelled to continue the payment of dues. But how is this to be ascertained ?
The real estate owned by the association consists altogether, as we are informed, of property bought in at foreclosure sales. It was bought, of course, at public auction, and the price bid at such a sale is one of the best wa\s of ascertaining the value as against the purchaser. When a purchaser bids in competition with others a certain amount of money at public auction, as to Mm the value is ascertained, and it may be, for aught that we know, that valuing the property at the price bid for it by the present holder — the association, that and its other assets will amount to what this complainant alleges. If that be the case then the time has arrived when the association should close up and cease compelling this complainant to contribute further payments.
We think, therefore, that this case should be referred to the auditor, with directions to ascertain in the first place what that amount of money is, in order that the complainant may show, if he can, that the time has come when he is no longer under any obligation to pay anything further.
The conclusion of the court is, that the case be referred to the auditor with directions to ascertain the value of the *11 property in the way indicated, that is to say, to ascertain the value of the property by the price at w'hich it -was bought in, and then to ascertain the value, if -greater, by witnesses ; the reason being that it is not for theca, with an all-sufficient-amount of property to enable it to close up in their hands to go on collecting these dues. Still we are to regard the bids made by the association as conclusive evidence against it as to the value of this property for the purpose of closing up. If it has bid in a piece of property for a thousand dollars it is to be taken as worth a thousand dollars as against the bidder. The association cannot turn to the complainant and say, “ although we have paid a thousand dollars for this property we are not going to let you have the benefit of that price as one of the elements of letting you get out ; you will have to keep on paying.” When they made an offer at a public auction for the property and bought it at that- price they ascertained its value as against .themselves in their dealings with this complainant.
We do not, at this stage of the case go into the question of usury raised on the argument of the case, but direct the ■case to be referred as indicated. . *